# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

ALEXANDER WEAVER,     )
                        )
          Petitioner,   )    Civil Action No. 0:08-1305-RBH-BM
                        )
v.                     )
                        )
JON OZMINT, Director SCDC,  )   **REPORT AND RECOMMENDATION**
LEROY CARTELEDGE, Acting   )
Warden,                  )
                        )
          Respondents.  )
_____)

        This is a <u>pro se</u> Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on April 7, 2008. The Respondents filed a motion for summary judgment on June 6, 2008, asserting that the Petition is without merit and should be dismissed. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on June 9, 2008, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motions may be granted, thereby ending his case.

        However, notwithstanding the specific warning and instructions as set forth in the Court's <u>Roseboro</u> order, the Petitioner failed to respond to the motion. As the Petitioner is proceeding <u>pro se</u>, the court filed a second order on August 13, 2008, advising Petitioner that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the Petitioner an additional ten (10) days in which to file his response to the Respondents'

1



motions for summary judgment.  The Petitioner was specifically warned that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute.  <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P.

Notwithstanding this second warning, the Petitioner still did not respond. Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. <u>See</u> <u>Davis</u>, 558 F.2d at 70; Rule 41(b), Fed.R.Civ.P.; <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 25, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

