**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| ALEXANDER WEAVER, #294431, | ) | |
| | ) | CIVIL ACTION NO. 9:08-1305-RBH-BM |
| Petitioner, | ) | |
| v. | ) | |
| Warden of Perry Correctional Institution, | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on April 2, 2008.[1]

The Respondent filed a return and motion for summary judgment on June 6, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on June 9, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

Despite this warning, however, Petitioner failed to file a response, and on August 13, 2008, the undersigned issued an order instructing the Petitioner to notify the Court if he wished to continue to prosecute this case. After Petitioner again failed to timely respond, a Report and Recommendation was issued on August 25, 2008, recommending dismissal of the Petition for failure to prosecute. However, a response was thereafter received by the Clerk two days later, on August 27, 2008, so the undersigned vacated the Report and Recommendation on August 28, 2008 to allow

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



for consideration of Petitioner's claims.

The Petition is now before the Court for disposition.

**Procedural History**

Petitioner was indicted in March 2003 in Edgefield County for murder [Indictment No. 03-GS-19-171] and strong arm robbery [Indictment No. 03-GS-19-172]. (R.pp. 90-91, 94-95). Petitioner was represented by O. Lee Sturkey, Esquire, and on June 26, 2003, pled guilty to voluntary manslaughter and strong arm robbery. (R.pp. 1-19). The trial judge sentenced the Petitioner to concurrent terms of thirty (30) years for voluntary manslaughter and fifteen (15) years for strong arm robbery. (R.p. 18). Petitioner did not appeal his convictions and/or his sentence.

On May 26, 2004, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Weaver v. State of South Carolina, No. 04-CP-19-093. (R.pp. 20-34). Petitioner raised the following issues in his application:

(1) Ineffective Assistance of Trial Counsel;

(2) Guilty Plea not entered voluntarily, knowingly, and intelligently; and

(3) Direct appeal right not voluntarily, knowingly, and intelligently waived.

(R.p. 21).

Petitioner was represented in his APCR by Michael Chesser, Esquire, and an evidentiary hearing was held on Petitioner's application on December 14, 2005. (R.pp. 39-80). On April 4, 2006, the PCR judge entered an order denying Petitioner's PCR claims of ineffective assistance of counsel and guilty plea not entered voluntarily, knowingly, and intelligently. The Order did, however, grant Petitioner the opportunity to pursue appellate review of his guilty plea pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974). (R.pp. 81-87).

Petitioner's counsel, Chesser, filed a notice of appeal on behalf of the Petitioner. (R.p.





88). Petitioner was thereafter represented on appeal by LaNelle C. Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed an Anders[2] brief seeking to be relieved and raising the following issue:

> Is Appellant's sentence unconstitutionally disproportionate?

See Respondent's Exhibit 2, p. 3.

Petitioner also filed a second brief on March 19, 2007, raising the following three issues:

> 1) Did the PCR court correctly grant review pursuant to White v. State [citation omitted] because the Appellant did not knowingly and voluntarily waive his appellate rights?;
>
> 2) Did the PCR court err in refusing to find counsel ineffective for failing to conduct a thorough investigation into Appellant's case prior to his decision to plead guilty?; and
>
> 3) Did the PCR court err in refusing to find counsel ineffective for allowing Appellant to enter a guilty plea that was not knowingly and intelligently entered?

See Respondent's Exhibit 3, p. 2.

On February 11, 2008, the South Carolina Supreme Court denied Grounds Two and Three, but granted certiorari on Ground One. Pursuant to Davis v. State, 342 S.E.2d 60 (S.C. 1986), the South Carolina Supreme Court then dismissed Petitioner's direct appeal issue after review pursuant to Anders. See Respondent's Exhibit 5. The Remittitur was issued on March 5, 2008. See Respondent's Exhibit 6.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** Ineffective assistance of counsel.

---

[2] See Anders v. California, 386 U.S. 738, 744 (1967).





a. Defense counsel made no investigation (pretrial) into evidence offered by the Solicitor.

b. Defense counsel did not offer the Petitioner possible choices in defense should he choose to pursue his Constitutional right to jury trial.

c. Defense counsel did not explain the "elements" associated with the offense of murder that would have to be proven beyond a reasonable doubt if his clients were to have chosen a jury trial; nor did counsel explain the offense "characteristics", that would have to be proven to justify application of the Death Penalty.

d. Defense counsel did not explain the "elements" associated with the offense of manslaughter for which he was admitting to the factual basis offered by the Solicitor during the guilty plea.

e. Defense counsel did not advise Petitioner of his direct appeal rights and thus, waived Petitioner's rights under South Carolina law.

f. Defense counsel did not familiarize himself with the law and the facts of Petitioner's case prior to advising him.

g. Defense counsel did not move to quash the indictment.

**Ground Two:** Guilty plea not knowingly, voluntarily, and intelligently entered.

a. Petitioner had no knowledge or understanding for what the critical elements were and what level of proof was required upon each of those elements before he could be convicted and sentenced at trial.

b. The lack of knowledge the Petitioner had dealing with the critical elements, encompasses each of the offenses and offense characteristics to include Capital Murder, punishable by Death Penalty of which he was threatened; Murder punishable by Life Imprisonment and both forms of Manslaughter.

c. Whether Petitioner entered an unknowing, involuntary, unintelligent plea, under the 5th Amendment where trial counsel provided Petitioner with erroneous advice; failed to advise Petitioner competently and fully of the options available to him; failed to become familiar with the facts and the law and advise Petitioner of potential defenses.

See Petition, (Attachment), pp. 2-3, 7.





**Discussion**

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Petitioner contends in Ground One of his Petition that his counsel was ineffective for seven reasons: a) counsel made no investigation (pretrial) into evidence offered by the Solicitor; b) counsel did not offer the Petitioner possible choices in defense should he chose to pursue his Constitutional right to a jury trial; c) counsel did not explain the “elements” associated with the offense of murder that would have to be proven beyond a reasonable doubt if his clients were to have chosen a jury trial; nor did counsel explain the offense “characteristics” that would have to be proven to justify application of the Death Penalty; d) counsel did not explain the “elements” associated with the offense of manslaughter for which Petitioner was admitting to the factual basis offered by the Solicitor during the guilty plea; e) counsel did not advise Petitioner of his direct appeal rights and thus, waived Petitioner’s rights under South Carolina law; f) counsel did not familiarize himself with





the law and the facts of Petitioner's case prior to advising him; and g) counsel did not move to quash the indictment. See Attachment to Petition, p. 5. Respondent does not contest that these issues, with the exception of the issues (f) and (g) in Ground One**,** were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986).

The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Weaver v. South Carolina, No. 04-CP-19-093. Specifically, the PCR judge found that : 1) the Petitioner was not credible, while Petitioner's counsel was credible; 2) Petitioner testified that plea counsel did not cover the elements of murder, voluntary manslaughter, or strong-arm robbery with him; 3) Petitioner also contended that counsel failed to tell him the State had to prove intent; 4) Petitioner alleged that he had no intent to kill the Victim and would not have pled guilty if he had known the State had to prove intent; 5) Petitioner testified that he believed the body was discovered in a location different than the one where he left him and that the body's movements may have been significant; 6) Petitioner also contended plea counsel influenced him to plead guilty by telling him he was facing the death penalty if he went to trial; 7) Petitioner's counsel testified that he did tell Petitioner the elements of the crimes (including greater and lesser offenses of voluntary manslaughter), and that there was ample evidence to support the plea including two statements given by the Petitioner; 8) counsel further testified he did not threaten Petitioner with the death penalty and that the State never noticed its intent to seek the death penalty; 9) counsel testified regarding his investigation of the case and the evidence the State had against the Petitioner; 10) counsel believed the State had a very strong case; 11) counsel further did not believe the movement of the body was significant considering the autopsy showed the Victim died as a result of a single blow to the head; 12) Petitioner's contention





that he did not intend to kill the Petitioner did not seem legally significant to counsel; 13) counsel informed the Petitioner that the State could show malice and that his subjective intent was not legally relevant; 14) counsel conducted an adequate investigation and had a valid trial strategy for the actions he took; 15) counsel properly advised Petitioner regarding the elements of the offenses and what the State would be required to prove for the Petitioner to be found guilty; 16) the Petitioner was not improperly influenced to plead guilty, but rather agreed to accept an offer that allowed him to plead to a lesser-included offense of murder; 17) Petitioner failed to meet his burden of proving counsel's performance was deficient or that he was prejudiced by counsel's performance; 18) Petitioner failed to prove his plea was not knowingly or intelligently entered; 19) the Petitioner understood the allegations against him, the possible punishment he faced, and the rights he was waiving by entering a guilty plea; 20) the transcript reflected that the Petitioner was clearheaded and voluntarily waived his rights and defenses to enter the guilty plea; 21) counsel failed to file an appeal on Petitioner's behalf, and Respondent conceded that Petitioner was entitled to a review of his guilty plea and sentence pursuant to White v. State; 22) the Petitioner did not knowingly and voluntarily waive his right to a direct appeal and was entitled to a White review; 23) Petitioner and his counsel were also reminded that an appeal of the PCR Order was necessary to secure this review; 24) as to any and all allegations that were or could have been raised in the application or at the hearing, but were not specifically addressed in the Order, the Court found the Petitioner failed to present any probative evidence regarding such allegations; 25) Petitioner waived such allegations and failed to meet his burden of proof regarding them; and 27) such issues were dismissed with prejudice. (R.pp. 83-86).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord





state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in



considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

**a. Failure to investigate (pretrial) into evidence offered by the Solicitor.**

Petitioner's counsel testified that his investigation included a full examination of the Town of Johnston's law enforcement file on the case. (R.p. 57). The file included several statements from people at the house party with Petitioner and the victim on the night of the killing, a written statement by Petitioner, police notes, other statements made by the Petitioner, and an autopsy report. (R.pp. 57-58). Trial counsel testified that the autopsy report stated the cause of death was blunt force trauma to the head, with only one area of blunt force trauma to the back of the victim's head. (R.pp.





59-60). Trial counsel testified this was consistent with Petitioner's admission of striking the victim once in the back of the head with his elbow and forearm; (R.pp. 59-60); and since nothing in the autopsy report indicated the victim suffered any other injuries, trial counsel determined that there was no legitimate reason to pursue an expert opinion as to the cause of death, although if there had been another injury on the victim, he may have sought a physician's opinion. (R.p. 66).

The PCR court found that trial counsel's decision not to consult an expert in regards to the cause of death was reasonable trial strategy; (R.p. 85); and although Petitioner testified at the PCR hearing that his counsel should have investigated to see if something happened to the victim after the Petitioner hit him; (R.p. 45); Petitioner offered no evidence to show another cause of death. Therefore, counsel's performance was not deficient on the basis of allegedly failing to further investigate the cause of death, nor can the undersigned find any basis in the record or the applicable caselaw to overturn the findings of the state court with regard to the adequacy of counsel's investigation. Evans, 220 F.3d at 312.

Further, Petitioner has also failed to show that, even if his counsel had further investigated the cause of death, he would not have proceeded with the guilty plea. To the contrary, other than his own unsupported speculation, Petitioner has offered no evidence to support another cause of death, or to show how any further pre-trial investigation would have helped his case. Accordingly, Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. §





2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

**b) Failure to offer the Petitioner possible choices in defense should he choose to pursue his Constitutional right to a jury trial.**

**c) Failure to explain the elements associated with the offense of murder that would have to be proven beyond a reasonable doubt if his client were to have chosen a jury trial; nor did counsel explain the offense "characteristics" that would have to be proven to justify application of the Death Penalty.**

**d) Failure to explain the "elements" associated with the offense of manslaughter for which he was admitting to the factual basis offered by the Solicitor during the guilty plea.**[3]

Petitioner testified at his PCR hearing that trial counsel did not discuss the elements of murder or voluntary manslaughter with him, and that he was not aware of the concept of intent or any of the other elements for either murder or voluntary manslaughter. (R.pp. 45-47). Petitioner also testified that he did not intend to kill the victim when he hit him in the back of the head, and that he was encouraged by counsel to plead guilty to avoid the possibility of a death sentence. (R.pp. 46-47, 51-52).

Petitioner's counsel testified that he did not threaten the Petitioner, but did tell him that the elements were present for the death penalty. (R.pp. 60-61). Although the Petitioner was never noticed for the death penalty, the Solicitor had reminded counsel that the case was death penalty eligible in their discussions. (R.p. 61). Petitioner's counsel testified that he went over the elements of murder, manslaughter, and strong arm robbery with the Petitioner, and that after reviewing the evidence in the case, he believed the State's case against the Petitioner was very

[3] Since the Petitioner discussed these three issues together during his PCR hearing and the Respondent discussed them together in his memorandum, the undersigned has addressed them together.





strong. (R.pp. 61-63). The record also reflects that Petitioner's counsel affirmed to the judge at Petitioner's plea that he had fully explained the nature and elements of the offenses, the possible punishment Petitioner might receive, and his constitutional right including trial by jury, all in the presence of the Petitioner, and to which Petitioner interposed no objection. (R.p. 5). Petitioner's counsel also testified that he advised the Petitioner about malice, and that the problem was the statement Petitioner had provided that, "I'm going to rob this man," which indicated malice. (R.pp. 65-66). Petitioner's counsel testified that while he believed Petitioner did not intend to kill the victim and there was no subjective intent, he believed the necessary objective intent could be proved from Petitioner's statement that he was going to rob the victim and hit him over the head. (R.p. 66). Under South Carolina law, malice may be inferred if the killing was the result of an act done in the commission of a felony. See Gore v. Leeke, 199 S.E.2d 755, 758-759 (S.C. 1973); cf Lowry v. State, 657 S.E.2d 760, 764-766 (S.C. 2008). Here, Petitioner admitted to intending to rob the victim and striking him on the head, and presented no evidence of any other injury to the victim. The PCR court found counsel's testimony to be credible, and the undersigned can discern no basis in the record to overturn the findings of the state court. Further, as for Petitioner's contention that counsel should have investigated other possible defenses, he has failed to offer any evidence to support a possible defense that was not investigated.

Therefore, Petitioner has not shown his counsel was deficient on these grounds, nor has he shown the necessary prejudice. Strickland v. Washington, supra. Petitioner has also failed to show that the state court's rejection of these claims was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d





at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claims that his counsel was ineffective on these grounds is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

**e) Defense counsel did not advise Petitioner of his direct appeal rights and thus, waived Petitioner's rights under South Carolina law.**

This issue was presented in Petitioner's PCR proceeding and Petitioner was granted a belated appeal. After being granted a belated appeal pursuant to State v. White, Petitioner's appeal was denied. Therefore, even though Petitioner has shown that his counsel was deficient on this basis, he has not shown the necessary prejudice. Strickland v. Washington, supra. The state court reviewed Petitioner's appeal under Anders and found it without merit. Petitioner has presented no evidence to show any meritorious issue that could have produced a different outcome in his appeal. Accordingly, he has failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

**f) Defense counsel did not familiarize himself with the law and the facts of Petitioner's case prior to advising him.**





**g) Defense counsel did not move to quash the indictment.**

These issues were not pursued in Petitioner's APCR.[4] Since Petitioner did not pursue these claims in his APCR, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) [”A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture.”], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) [“To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court.”], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not pursued by

---

[4]With regard to the issue addressed in Ground One (f), Petitioner specifically contends that counsel did not familiarize himself with the law as it relates to matters concerning the amendment of indictments. Petition, (Attachment), p. 6. This is not the same issue presented in the APCR asserting failure of counsel to perform an adequate investigation prior to the guilty plea. See, Respondent's Exhibit 3.





the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner has presented no cause for his failure to raise these claims in the state courts. Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if this issue is not considered. see, Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). He has failed to do so.





Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

**II.**

In Ground Two of his Petition, Petitioner contends that his guilty plea was involuntary because a) he had no knowledge or understanding for what the critical elements were and what level of proof was required upon each of those elements before he could be convicted and sentenced at trial; b) that the lack of knowledge he had dealing with the critical elements encompasses each of the offenses and offense characteristics to include Capital Murder, punishable by Death Penalty of which he was threatened; Murder punishable by Life Imprisonment and both forms of Manslaughter; and c) under the 5th Amendment, trial counsel provided Petitioner with erroneous advice; failed to advise him competently and fully of the options available to him; failed to become familiar with the facts and the law and advise Petitioner of potential defenses, resulting in the entry of an unknowing, involuntary and unintelligent plea. However, the record reflects that the Petitioner voluntarily and knowingly entered his plea of guilty in open court, and that these claims are therefore without merit.

The record shows that Petitioner specifically stated that by pleading guilty he understood that he gave up his right to remain silent, to a trial by a jury, to confront the witnesses, and to have the state convince the jury of his guilt beyond a reasonable doubt. (R.pp. 8-9). Petitioner also stated that other than reducing the charge from murder to involuntary manslaughter, he was not promised anything for his guilty plea , that he was satisfied with his lawyer, that there was not anything he wanted his lawyer to do that he had not done, and that he had had enough time to meet with his lawyer and discuss anything that he needed to discuss in order for his lawyer to represent him properly. (R.pp. 12-13). The State Supreme Court provided petitioner with a belated direct appeal, reviewed the proceedings under Anders, and affirmed Petitioner's convictions. As previously





discussed, counsel's testimony at Petitioner's evidentiary hearing also fails to reveal any ineffective assistance of counsel on these issues (to the extent that they were addressed in Petitioner's APCR[5]), and the undersigned has previously found that the state court rulings on Petitioner's credibility and his counsel's credibility were not unreasonable. The undersigned has also already addressed Petitioner's allegations concerning being advised about the critical elements of the relevant offenses, the level of proof, intent, malice, and the availability of possibly the death penalty. See discussion, supra.

The fact that Petitioner pled guilty to the lesser included offense of voluntary manslaughter does not affect the voluntariness of the plea. See Anderson v. State, 535 S.E.2d 649, 651 (S.C. 2000)["[S]o long as there was a sufficient factual basis to support the crime for which the defendant was indicted, a plea to any lesser included offense is sufficient."]. Further, the United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74

---

[5]With regard to Petitioner's claim that there was a Fifth Amendment violation because counsel provided him with erroneous advice and failed to become familiar with the facts and the law and advise Petitioner of potential defenses, the Court has already discussed these underlying allegations and found them to be without merit. See discussion, supra. However, Petitioner did not raise this claim in his APCR as a Fifth Amendment assistance of counsel claim or as a basis for asserting that his plea was involuntary. Therefore, any claim based on a Fifth Amendment violation is procedurally barred. See discussion, supra; see also McNeil v Wisconsin, 501 U.S. 171, 175-179 (1991)[Discussing difference between Sixth Amendment right to counsel and Fifth Amendment right to counsel]. The undersigned notes that Petitioner has not addressed any cause for his failure to raise this claim or presented any new evidence to show actual innocence or a miscarriage of justice. Therefore, this claim, to the extent it differs from his previous ineffective assistance claims on these grounds, should be dismissed.





(1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. See discussion, supra.

The record shows that Petitioner had been advised by trial counsel, and that the consequences of his plea were fully explained to him by the Court. The record also clearly shows that Petitioner was given every opportunity to change his mind. Additionally, the record shows that Petitioner denied he had been coerced or forced to act in any manner concerning his plea. Hence, the record shows that Petitioner chose to enter a plea of guilty, and did so freely and voluntarily. Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984); U.S. v. Futeral, 539 F.2d 329 (4th Cir. 1975); Brady v. United States, 397 U.S. 742, 746-747 (1970) (pleading guilty to avoid a reasonable possibility of receiving a greater sentence does not constitute a coerced plea); Boykin v. Alabama, 395 U.S. 238 (1969); North Carolina v. Alford, 400 U.S. at 37 [Plea of guilty may be accepted even when the Defendant asserts his innocence where the Defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt].

Petitioner has also failed to show that the state court's rejection of these claims was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1)





[Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Therefore, Petitioner's claim that his guilty plea was involuntary on these grounds is without merit, and should be dismissed.

**Conclusion**

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

January 15, 2009
Charleston, SC

Bristow Marchant
United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



